## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION
## IN ADMIRALTY

|  |  |
|---|---|
| **In the Matter of:** | File No. _____ |
| **Ocean Isle Beach Water Sports, Inc., Owner, and NC Watersports, Inc., Charterer of the 2007 Model Ocean Pro 31 *M/V TIED HIGH*, Official Number 1195615, Hull Identification Number CNXO0069J607, her Engines, Tackle and Apparel for Exoneration from or Limitation of Liability** | **C O M P L A I N T** |

Ocean Isle Beach Water Sports, Inc., as Owner, and NC Watersports, Inc., as Charterer, (collectively "Plaintiffs") of the *M/V TIED HIGH*, Official Number 1195615, Hull Identification Number CNXO0069J607, her engines, tackle and apparel and for their Complaint for exoneration from or limitation of liability, civil and maritime, allege on information and belief as follows:

1. This is an admiralty and maritime claim within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333, and 46 U.S.C. §§ 30501-30512 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls within Rule F of the Supplemental Rules for Admiralty and Maritime Claims.

2. This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration pursuant to 46 U.S.C. §§ 30501-30512 and various statutes, rules, and regulations relating thereto.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1333, and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Supplemental Rule F(9).

4. Plaintiff Ocean Isle Beach Water Sports, Inc. ("Plaintiff OIBWS") is North Carolina Corporation with its principal place of business located in Ocean Isle Beach, North Carolina.

5. Plaintiff NC Watersports, Inc. ("Plaintiff NCW") is a North Carolina Corporation with principal place of business located in Ocean Isle Beach, North Carolina.

6. *M/V TIED HIGH* is a 2007 model Ocean Pro 31 foot documented vessel of the Untied States, Official Number 1195615, Hull Identification Number CNXO0069J607 ("the Vessel").

7. At all times relevant hereto, including on August 28, 2009, Plaintiff OIBWS was the Owner of the Vessel.

8. At all times relevant hereto, including on August 28, 2009, Plaintiff NCW was the Charterer of the Vessel and owner *pro hac vice*, pursuant to a Charter Agreement signed and agreed upon by the Plaintiffs, and was responsible for manning and navigation of the Vessel.

9. The crew for the voyages on August 28, 2009 was comprised of Captain Thomas Povazan and mate, Christopher Echart. At all material times, both Captain Povazan and mate Echart were holders of valid USCG licenses.

10. Captain Thomas Povazan was serving as master of the Vessel, pursuant to a May 25, 2009 Independent Contractor Agreement with Plaintiff NCW.

11. On August 28, 2009, Captain Povazan, operated the Vessel in the Atlantic Ocean in the vicinity of the Shallotte Inlet on three separate parasailing voyages carrying passengers for hire. Those voyages commenced from the Ocean Isle Fishing Center at approximately 9:00AM, 11:00AM and 1:00PM respectively.

12. Prior to departure, each passenger, including Cynthia Woodcock and Lorrie Shoup (collectively "the Passengers"), signed a Parasailing Release of Liability, Waiver of Claims, Express Assumption of Risk and Indemnity Agreement and a Declaration of Fitness to Parasail.

13. True and accurate copies of the Parasailing Release of Liability, Waiver of Claims, Express Assumption of Risk and Indemnity Agreement and Declaration of Fitness to Parasail signed by the Passengers are attached hereto as Exhibit "A" and incorporated by reference.

14. Captain Povazan, as master of the Vessel, was responsible for ensuring the safety of the Vessel and the Passengers.

15. The Vessel is now located at or near NCW facility, 65 Causeway Drive, Ocean Isle Beach, North Carolina and is possessed by Plaintiffs.

16. Both the 9:00AM and 11:00AM voyages were successful and terminated at the Ocean Isle Fishing Center.

17. During the 1:00PM voyage (hereinafter "the Voyage"), Captain Povazan and First Mate Christopher Echart successfully paid out and retrieved the first parasail flight consisting of two

passengers in a tandem rig.

18. The second flight during the Voyage consisting of the Passengers in a tandem rig, began normally, however, while the towline was being paid out, the Vessel encountered a sudden and dramatic change in wind conditions.

19. Immediately upon this encounter, Captain Povazan reversed the winch and began retrieving the towline.

20. During the retrieval, the towline parted resulting in the Passengers' uncontrolled falling to the ocean. The parasail failed to deflate resulting in the uncontrolled dragging of the Passengers across the surface of the ocean.

21. Upon information and belief, the uncontrolled falling and subsequent dragging of the Passengers caused certain injuries to them which resulted in the death of both Passengers.

22. The Voyage terminated in the vicinity of Ocean Isle Beach, NC. The Vessel sustained only minor damage to its hull and appurtenances. The Vessel was not lost or abandoned.

23. The deaths of the Passengers were not caused or contributed to by any fault or neglect of Plaintiffs, the Vessel, or anyone for whose acts Plaintiffs or either of them is or may be responsible, nor were said casualties and/or damages in any way caused by an unseaworthy condition of the Vessel. The injuries happened without any fact within the Plaintiffs' privity and knowledge.

24. The Plaintiffs used diligence to make the Vessel seaworthy, and at the commencement of the Voyage the Vessel was tight, staunch, strong, fully equipped and supplied and in all respects seaworthy and fit for the Voyage in which it was engaged.

25. Plaintiffs are aware of the potential claims of the Estates of the Passengers for wrongful death as a result of the Decedents' deaths.

26. Additionally, Plaintiffs are aware that other potential claims may be made by other passengers aboard the Voyage for injuries as they might allege.

27. Other than the aforementioned, Plaintiffs are informed and believe that, insofar as can be determined, there are no other demands or claims of liens in contract or tort arising out of the Voyage(s) in question.

28. Plaintiffs allege that the value of its interest in the Vessel at the conclusion of the voyage on August 28, 2009, including pending hire, did not exceed $100,000. Filed commensurate herewith is the Affidavit of Barrett McMullan, President of OIBWS, as to the value of the Vessel.

29. Subject to an appraisal of Plaintiffs' interest on a reference, it offers an <u>ad interim</u> stipulation for value the Vessel in the sum of $100,000.

30. The amount of the potential claims against Plaintiffs and the Vessel exceed the value of Plaintiffs' interest in the Vessel.

31. This Complaint is filed within six (6) months from the receipt of any written notice of claim.

32. Venue for this Complaint lies within this District.

33. The Vessel has not been arrested.

34. The alleged claims, losses and damages referred to above were occasioned and incurred without any fault on the part of Plaintiffs and without Plaintiffs' privity or knowledge. Plaintiffs deny any liability for any claim or loss occasioned by or resulting from the collision or facts set forth above and state that they have valid defenses to all such claims.

35. Plaintiffs contest any and all liability for all such claims, and are entitled to exoneration from any liability in connection with the aforesaid facts. Should this Honorable Court, however, adjudge that Plaintiffs or either of them are in any way liable for the aforesaid loss or damages claimed, then Plaintiffs are entitled to limit their liability as provided for in 46 U.S.C. §§ 30501-30512.

36. Plaintiffs are ready and willing to give a stipulation with sufficient surety for repayment into Court of the amount or value of their interest in the Vessel whenever the same shall be ordered by the Court as provided by the Supplemental Rules of Federal Civil Procedure for Certain Admiralty and Maritime Claims, Rule F, and by the rules of practice of this Honorable Court.

37. All and singular, the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

**WHEREFORE**, Plaintiffs pray that this Honorable Court will:

1. Order and cause an appraisal to be had upon due request at a time to be fixed by the Court of the value of Plaintiffs' interest in the Vessel, their engine(s), tackle and apparel at the conclusion of the Voyage(s) on August 28, 2009;

2. Enter an Order forthwith permitting the Plaintiff herein to file an <u>Ad Interim</u> Stipulation for such estimated value of Plaintiff's interest in the Vessel as the Court may fix and

thereupon release the Vessel from any and all liability in the premises, said <u>Ad</u> <u>Interim</u> Stipulation to be continued in force and effect until the value of Plaintiffs' interest in the Vessel might be more fully determined, if requested, in which event Plaintiffs shall, thereupon, either pay the additional amount into Court or issue such additional proper bond or stipulation sufficient to fully cover such appraisal;

3. Issue a Notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage, citing and admonishing them to answer the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

4. Issue an Injunction enjoining and restraining any and all person or persons, firms or corporations claiming damages or losses resulting from the aforesaid casualty from prosecuting or attempting to prosecute other proceedings upon their claims against Plaintiffs, except in these proceedings for exoneration from or limitation of liability, and also enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage, except in this proceeding;

5. Order that said Notice as required by Supplemental Rule F(4), shall be published in the newspaper or newspapers specified by rule of this Court for legal publication, once each week for four (4) consecutive weeks before the return date of the Notice;

6. Enter an Order for the entry of a proper bond or stipulation for value with surety in the amount of the appraised value of the Vessels, providing for the payment thereof into the Court, or otherwise, as and when ordered by the Court;

7. Adjudge and decree in this proceeding that Plaintiffs and the Vessel are not liable and that neither is liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or incidental to the matters and voyage aforesaid; or if the Court shall adjudge that Plaintiffs and the Vessels are liable for all or any part of said claims or demands, then Order that the liability of Plaintiff be limited to the value of its interest in the Vessel as of August 28, 2009, and that the monies paid or secured to be paid as aforesaid be divided pro rata among the claims filed as provided by law, and that the Plaintiffs and the Vessel be discharged from all further liability; and

8. Enter such other Orders as will give to Plaintiffs and the Vessel such other and further relief as may be just and proper in the premises.

**RESPECTFULLY SUBMITTED** this 25th day of September 2009.

ROUNTREE, LOSEE & BALDWIN, L.L.P.
2419 Market Street (28403)
Post Office Box 1409
Wilmington, NC 28402-1409
Tel.: (910) 763-3404 / Fax: (910) 763-0080

/s/ Geoffrey A. Losee
Geoffrey A. Losee
NC State Bar No. 21185
E-mail: glosee@rlblawfirm.com

/s/ Jason L. Kesler
Jason L. Kesler
NC State Bar No. 36866
E-mail: jkesler@rlblawfirm.com

*Attorneys for Plaintiff*