UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY

No. 7:09-CV-157-F

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| OCEAN ISLE BEACH WATER SPORTS, ) | |
| INC., Owner; and NC WATERSPORTS, ) | |
| INC., Charterer of the 2007 Model ) | |
| Ocean Pro 31, M/V TIED HIGH, ) | |
| Official Number 1195615, Hull ) | |
| Identification Number CNXO0069J607, ) | ORDER |
| her Engines, Tackle, and Apparel for ) | |
| Exoneration from or Limitation of ) | |
| Liability ) | |

This is a limitation of liability action, in admiralty, initiated by Ocean Isle Beach Water Sports, Inc. ("OIBWS") and NC Watersports, Inc., ("NCWS") (collectively, "Limitation Plaintiffs"), pursuant to the Limitation of Liability Act ("Limitation Act"), 46 App. U.S.C. §§ 181-196. The Limitation Plaintiffs seek exoneration or limitation of their liability, if any, related to deaths and personal injuries that occurred during a parasailing outing in Brunswick County, North Carolina, on August 28, 2009. Reference specifically is made to the record herein for the details of the underlying allegations and the purported bases for limitation.

Before the court is the claimants' Motion for Summary Judgment [DE-142]. The claimants are David A. Woodcock, Administrator of the Estate of Cynthia Diane Collins Woodcock; Stephen G. Shoup, Executor of the Estate of Lorrie Beth Shoup; and Robert Alan Whitman, individually and as next friend of his children, BRW, a minor, PSW, a minor, BSW, a minor, and AEW, a minor. The claimants' motion is supported by a memorandum of law [DE-143] and a collection of exhibits including affidavits, discovery excerpts, exhibits and documents from the underlying state court wrongful death and personal injury actions, see [DE-142], Exhs. 1-18.

The Limitation Plaintiffs have filed no response to the claimants' summary judgment motion seeking an order denying limitation of liability. The court, having considered the pending motion and appended exhibits, as well as the other matters of record, hereby ADOPTS the claimants' Memorandum in Support of their Motion for Summary Judgment [DE-143], except as to "Section V. Conclusion."

It hereby is ORDERED that the Claimants' unopposed Motion for Summary Judgment [DE-142] is ALLOWED for the reasons stated therein. The Limitation Plaintiffs' Complaint for Exoneration from or Limitation of Liability [DE-1] is DENIED.

The show cause hearing, commenced on April 24, 2012, will resume as scheduled on **September 20, 2012, at 10:00 a.m.** The Assistant United States Attorney assigned to investigate concerns raised in this case[1] is welcome to attend the hearing, which is open to the public.

Following entry of a final order herein on the motion and order to show cause [DE-120], counsel for the Claimants will be directed to prepare and submit detailed and properly documented affidavits for use by the Clerk of Court in assessing all reasonable costs and expenses of *this federal limitation litigation* to the Limitation Plaintiffs, together with post-judgment interest at the legal rate. The Claimants further will be directed to submit their attorneys' detailed affidavits in support of reasonable attorneys' fees incurred in participating in *this federal limitation action*, which the court also intends to tax against the Limitation Plaintiffs.

---

[1] The court informally referred to the United States Attorney for the Eastern District of North Carolina, the question whether the Limitation Plaintiffs and/or their agents have engaged in criminal contempt and/or other criminal conduct in relation to the events giving rise to this action or during litigation of the claimants' causes of action over which the United States Attorney has jurisdiction.

Additionally counsel for the Claimants shall confer and be prepared to advise the court at the appropriate time of their position on when and how the balance of the existing fund now held by the Clerk of Court (in the principal amount of $4, 589.47), should be distributed.[2]

Counsel of record for Craig Reynolds, **Ms. Jenna F. Butler** and **Mr. Ryal W. Tayloe**, are DIRECTED to comply on or before **June 8, 2012**, with the court's instruction that:

> Additionally, counsel for Mr. Craig Reynolds is reminded of the court's verbal direction to provide to the court proof of the balance, on September 24, 2009, contained in MSM's bank account to which reference repeatedly was made during the April 24th hearing, and from which the partial payment of $4,589.47 was to be made into the Clerk's Office pursuant to the order of April 25, 2012 [DE-148]. *See* Craig Reynolds Affidavit [DE-133] at ¶ 11 ("At the time the Ad Interim Stipulation was signed, I understood and believed that MSM and MUL had sufficient funds to pay $100,000 if ordered by the Court").

Order of May 2, 2012 [DE-150].

This action remains open pending final orders following conclusion of the show cause proceedings before the undersigned, and orders on distribution of the funds that have been deposited with the Clerk of Court by the Limitations Plaintiffs.

SO ORDERED.

This, the 29 day of May, 2012.

JAMES C. FOX
Senior United States District Judge

---

[2] The court is aware of the Claimants' Stipulation of April 19, 2010 [DE-90] (apportionment of fund in event limitation allowed), but acknowledges that the denial herein of limitation of liability renders that stipulation technically moot.